UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-626-RJC-DSC

| | |
|---|---|
| JARVIS BERNARD BITTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| GO TIRES AUTO REPAIR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's (unsigned) email [Doc. 4] in response to the Court's November 22, 2022 Order [Doc. 3].

During a recent two-month period, the *pro se* Plaintiff filed seven civil actions in this Court without paying the filing fee and seeking to proceed *in forma pauperis* in each.[1] On November 22, 2022, the Court denied the Plaintiff's Application to proceed *in forma pauperis* in the instant case due to his pattern of abusive, frivolous, malicious, and harassing litigation, and ordered him to pay the full filing fee within 14 days. [Doc. 3]. Plaintiff was cautioned that the failure to timely comply with the Order would result in this case's dismissal without further notice. [Id. at 5]. The Order was mailed to the Plaintiff at his address of record the same day it was entered. Plaintiff has not paid the filing fee and the time to do so has expired. Therefore, this action will be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly

---

[1] The Plaintiff recently filed Case Nos. 3:22-cv-499-FDW-DCK, 3:22-cv-500-FDW-DSC, 3:22-cv-514-MOC-DSC, 3:22-cv-521-FDW-DCK, 3:22-cv-626-RJC-DSC, 3:22-cv-627-FDW-DCK, 3:22-cv-628-RJC-DSC. Additional cases may be filed before this Order is entered.

provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

The Court also ordered that the Plaintiff show cause, within 14 days, why a pre-filing review system should not be imposed on him. [Doc. 3 at 5]. The Court ordered that the Plaintiff "shall file a single document, not to exceed more than three (3) pages, succinctly explaining why he believes the Court should not impose the above-described pre-filing review system." [Id.]. It expressly warned Plaintiff that "his failure to fully comply with this directive will result in the Court's imposition of the subject pre-filing review system." [Id.].

Plaintiff filed an unsigned email [Doc. 4] which the Court will consider his response to the Order to show cause. In it, Plaintiff claims *inter alia* that: he experienced periods of homelessness; he was harassed by gangs and strangers; his phone was tapped and he was followed; he bathed and changed his shirt in the courthouse because he was sweaty from riding his bicycle; and he told Court security officers that he was being harassed. [Id. at 1-2]. He concludes: "I due apologize and I beg your pardon on behalf of this. I ask the courts and judge to grant the petition and pardon on the 1st amendment due to finical reasoning and prior homeless situation that caused stress, and life crisis that I was going threw during those years, from the unemployment pandemic, so I can use the finances for a home and to further my education so I want become a satastic." [Id. at 2] (errors uncorrected).

Plaintiff's arguments are not well taken. As previously noted, Plaintiff has quickly filed a large number of frivolous actions in this Court. He filed the instant frivolous action despite receiving repeated cautions that the continued filing of frivolous actions may result in the imposition of sanctions and/or a prefiling injunction that may limit his ability to file further lawsuits in this Court. See, e.g., Bittle v. N.C. Unemployment Div. Pandemic, 2022 WL 15524652

2

Case 3:22-cv-00626-RJC-DSC    Document 5    Filed 12/28/22    Page 2 of 4

(W.D.N.C. Oct. 27, 2022); Bittle v. Sigis El Owl, 2022 WL 11965738 (W.D.N.C. Octo, 20, 2022); Bittle v. Go Tires & Auto Repair LLC, 2022 WL 11965761 (W.D.N.C. Oct. 20, 2022). The Plaintiff's present response fails to articulate any good reason for the Court not to impose a pre-filing review system.

For these reasons, and for the reasons set forth in the Court's prior Order [Doc. 3], the Court will direct that all documents submitted by the Plaintiff in the future will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation. Such a review system "will allow the Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions." Vandyke v. Francis, No. 1:12-cv-128-RJC, 2012 WL 257747, at *3 (W.D.N.C. July 3, 2012); Fed. R. Civ. P. 11(b)-(c).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** without prejudice for the Plaintiff's failure to comply with the Court's November 22, 2022 Order.

**IT IS FURTHER ORDERED** that a pre-filing review system is hereby **IMPOSED**, and all documents submitted by the Plaintiff in the future, whether in this case or in any other action filed in this District, will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation.

The Clerk is instructed to mail a copy of this Order to the Plaintiff at his address of record as well as at 4303 Houldsworth Drive, Charlotte, NC 28213, to add this case to the Plaintiff's Filer Status Report in CM-ECF, and to close this case.

**IT IS SO ORDERED.**

Signed: December 28, 2022

Robert J. Conrad, Jr.
United States District Judge